**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| SOUTHEASTERN FISHERIES ASSOCIATION, INC., *et al.*, | : | | |
| | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 26-1533 (RC) |
| | : | | |
| v. | : | Re Document No.: | 30 |
| | : | | |
| HOWARD LUTNICK, *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

**MEMORANDUM OPINION**

**GRANTING FLORIDA FISH AND WILDLIFE CONSERVATION COMMISSION'S MOTION TO INTERVENE**

## I.  INTRODUCTION

Plaintiffs in this case seek to invalidate four Exempted Fishing Permits ("EFPs") that the

Secretary of Commerce ("Secretary") and the National Marine Fisheries Service ("NMFS")

(collectively, the "Government") issued in early May 2026.  The EFPs exempt specified fishing

activities from regulations under the Magnuson-Stevens Fishery Conservation and Management

Act ("MSA"), 16 U.S.C. § 1801 *et seq.*  More specifically, the EFPs in question expanded the

recreational fishing season for red snapper in four South Atlantic states—Florida, Georgia, North

Carolina, and South Carolina—as part of state data collection projects.  Plaintiffs, including

commercial fishing businesses, trade organizations, and individual commercial fishermen,

challenged the EFPs on grounds that the Government's issuance of the permits violated the

Administrative Procedure Act ("APA").  The Court granted Plaintiffs' motion for a preliminary

injunction in late May 2026, temporarily preventing any of the subject EFPs from taking effect.

The Florida Fish and Wildlife Conservation Commission ("FWC" or the "Commission") is among the recipients of the EFPs at issue.  FWC moves to intervene as a defendant as a matter of right under Federal Rule of Civil Procedure 24(a), and, in the alternative, for permissive intervention under Rule 24(b).  Plaintiffs and the Government take no position on FWC's motion, and Defendant-Intervenors American Sportfishing Association ("ASA") and Coastal Conservation Association ("CCA") consent to the motion.  For the reasons stated below, the motion to intervene under Rule 24(a) is granted.

## II.  FACTUAL BACKGROUND

MSA exists, inter alia, to "conserve and manage the fishery resources found off the coasts of the United States."  16 U.S.C. § 1801(b)(1).  To prevent overfishing in designated coastal areas, the MSA mandates the creation of fishery management plans administered by regional councils, in coordination with the Secretary and the NMFS.  *See* 16 U.S.C. § 1852(a), (h).  Pursuant to this statutory scheme, fisheries in the South Atlantic region are subject to various restrictions on the harvest of red snapper: among other regulations, red snapper may only be harvested during specified seasons (including a limited, weekend-only recreational season) and in limited quantities.  *See* 50 C.F.R. §§ 622.181(c)(2), 622.183(b)(5)(i), 622.193(y)(2).  The Secretary, acting through NMFS personnel, can relax harvest restrictions by issuing EFPs "for limited testing, public display, data collection, exploratory fishing, compensation fishing, conservation engineering, health and safety surveys, environmental cleanup, and/or hazard removal purposes."  § 600.745(b)(1).

FWC is the state agency entrusted with managing Florida's fish and wildlife resources.  FWC Mot. Intervene ("FWC Mot.") at 1–2, ECF No. 30.  On January 23, 2026, FWC applied for an EFP "to improve data on recreational fishing effort, catch, and discards of red snapper in the

2

South Atlantic and to inform the development of a long-term state-led management strategy for the recreational red snapper fishery." 91 Fed. Reg. 6827, 6827 (Feb. 13, 2026). After overseeing a public notice-and-comment process, the NMFS issued an EFP to the Commission in early May 2026. *See* FWC Mot. at 2. The EFP allowed anglers to harvest red snapper in South Atlantic federal waters for an extended recreational season, which was slated to last from May 22 through June 20, 2026, and to include three additional weekends in October. Nat'l Marine Fisheries Serv., *Exempted Fishing Permit to Test a State-Based Data Collection and Management System for the Recreational Harvest of Red Snapper off Florida for 2026*, p. 2 (May 1, 2026), https://www.fisheries.noaa.gov/s3/2026-05/fl-fwc-efp-26-sero-01-final_05012026.pdf [https://perma.cc/4MNC-823X]. The relevant fish and wildlife services of Georgia, North Carolina, and South Carolina each applied for and received EFPs of their own. 91 Fed. Reg. at 6827.

On May 5, 2026, a group of commercial fishing businesses, trade organizations, and individual commercial fishermen filed suit against the Secretary and the NMFS in this Court. *See* Compl., ECF No. 1. Plaintiffs requested that the Court vacate and declare the Florida, Georgia, North Carolina, and South Carolina EFPs unlawful under the APA. *Id.* ¶ 7. Five days after Plaintiffs filed their Complaint, they moved for a preliminary injunction of the EFPs. *See* Pls.' Mot. Prelim. Inj., ECF No. 6. Shortly thereafter, ASA and CCA filed a motion to intervene as defendants, *see* ASA & CCA Mot. Intervene, ECF No. 9, which the Court granted, *see* Min. Order (May 15, 2026). The Court later granted Plaintiffs' motion for a preliminary injunction. *See* Mem. Op., ECF No. 26 (May 21, 2026). On June 2, 2026, FWC moved for intervention as of right under Rule 24(a), and, in the alternative, for permissive intervention under Rule 24(b).

FWC Mot. at 2.  Plaintiffs and the Government take no position on FWC's motion, and the existing Defendant-Intervenors consent.  *Id.*

### III.  LEGAL STANDARD

As a threshold matter, prospective defendant-intervenors in this Circuit must demonstrate Article III standing through an adequate showing of injury in fact, causation, and redressability. *See Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 316 (D.C. Cir. 2015).  Where a party moves to intervene in defense of a government action, as FWC does in support of the federally issued EFPs here, the party must establish "that it will be injured in fact by the setting aside of the government's action it seeks to defend, that this injury will have been caused by that invalidation, and the injury would be prevented if the government action is upheld." *Am. Horse Prot. Ass'n, Inc. v. Veneman*, 200 F.R.D. 153, 156 (D.D.C. 2001).  The Supreme Court has described an injury in fact as "an invasion of a legally protected interest" that is "concrete and particularized" as well as "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (citation modified).

To intervene as a matter of right under Federal Rule of Civil Procedure 24(a), a party must satisfy four elements: "1) timeliness of the application to intervene; 2) a legally protected interest; 3) that the action, as a practical matter, impairs or impedes that interest; and 4) that no party to the action can adequately represent the potential intervenor's interest." *Crossroads*, 788 F.3d at 320.  Courts must take all well-pleaded, non-conclusory allegations in the putative intervenor's motion and supporting materials as true "absent sham, frivolity or other objections." *WildEarth Guardians v. Salazar*, 272 F.R.D. 4, 9 (D.D.C. 2010) (citation modified).

## IV.  ANALYSIS

The Court begins by analyzing FWC's constitutional standing, before proceeding to analyze whether FWC has met Rule 24(a)'s requirements for intervention as of right.  Because the Court concludes that FWC has satisfied these requirements, FWC's deadline to file a responsive pleading shall coincide with that of the Government, that is, July 10, 2026.  *See* Min. Entry (May 31, 2026).  As such, the Court need not consider the propriety of permissive intervention under Rule 24(b).

### A.  Standing

FWC has established Article III standing via its demonstration of injury in fact, causation, and redressability.[1]  In the instant case, Plaintiffs seek to invalidate four EFPs, including a permit that the Government issued to FWC to "pilot test data collection and management strategies for the recreational harvest of red snapper in the federal waters off Florida."  FWC Statement P. & A. Supp. Mot. Intervene ("FWC SPA") at 5, ECF No. 30-1.  As FWC stresses, the Commission enjoys expansive "regulatory and executive" authority with respect to Florida's aquatic life under the state constitution, *see* FLA. CONST. art. IV, § 9, and specific statutory provisions, *see* FLA. STAT. §§ 20.331, 20.3311 (2025).  Because Plaintiffs'

---

[1] Rule 24(c) requires that a motion to intervene "be accompanied by a pleading that sets out the claim or defense for which intervention is sought."  Fed. R. Civ. P. 24(c).  FWC acknowledges that it has not submitted such a separate pleading.  FWC Statement P. & A. Supp. Mot. Intervene at 7, ECF No. 30-1.  As this Court has noted, however, "other courts in this district have permitted a degree of flexibility with the technical requirements of Rule 24(c) where the position of the movant is apparent from other filings."  *Pappas v. District of Columbia*, No. CV 19-2800 (RC), 2025 WL 2023211, at *2 (D.D.C. July 18, 2025) (citation modified); *see also MGM Glob. Resorts Dev., LLC v. U.S. Dep't of the Interior*, No. CV 19-2377 (RC), 2020 WL 5545496, at *6 (D.D.C. Sept. 16, 2020) ("[C]ourts in this Circuit have not applied this rule particularly rigidly.").  The Court agrees that FWC's Motion to Intervene and its incorporated Statement of Points and Authorities make the Commission's position—specifically, its defense of the challenged, Government-issued EFPs in this case—clear.  The Court therefore finds that the motion and memorandum together satisfy Rule 24(c).

lawsuit may prevent FWC from overseeing the expanded, EFP-approved fishing of red snapper—in line with this state constitutional and statutory authority—the suit implicates the Commission's sovereign interest in enforcing wildlife-related regulations. *See* FWC SPA at 5. As such, FWC has alleged an injury that is particularized, or "personal and individual," sufficient for Article III standing purposes. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 330–31 (2016), *as revised* (May 24, 2016) (quoting *Lujan*, 504 U.S. at 560 n.1). The injury is concrete because the attempted invalidation of the Florida EFP poses an active, non-speculative threat to FWC's interests, particularly given that this Court has already granted Plaintiffs' motion for a preliminary injunction of the EFP. *See* Mem. Op., ECF No. 26.

Having cleared the injury-in-fact threshold, FWC also readily satisfies the causation and redressability prongs of the standing analysis. *See Crossroads*, 788 F.3d at 316 (finding that causation and redressability "rationally follow[]" where defendant-intervenors have established injury in fact). According to FWC, Plaintiffs' lawsuit hinders the "collection of crucial data needed to inform state management strategies" involving South Atlantic red snapper, "including [for] future recreational fishing seasons." FWC SPA at 6; *see* 91 Fed. Reg. 6827, 6827 (Feb. 13, 2026). The Commission's injury is therefore "fairly traceable" to the instant suit, *see Lujan*, 504 U.S. at 560 (citation modified), without which the legality of the Florida EFP likely would not be before this Court. Successful defense of the EFP would also redress the Commission's injury in that the fishing permit would proceed to go into effect.

## B. Intervention as of Right

FWC meets the four requirements for intervention as of right under Rule 24(a). First, on timeliness, this Circuit emphasizes various factors, including the time that has elapsed since the lawsuit's inception and any likely prejudice that intervention poses as to existing parties.

*Amador Cnty., Cal. v. U.S. Dep't of the Interior*, 772 F.3d 901, 903 (D.C. Cir. 2014).  FWC filed

its motion to intervene in early June 2026—less than a month after Plaintiffs originally filed suit

and more than a month before the deadline for the Government's answer.  This motion thus falls

well within the window of proper, timely intervention motions as set forth in this Circuit's

precedent.  *See Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 735 (D.C. Cir. 2003) (finding

that motion to intervene as defendant, filed less than two months after plaintiff's complaint and

before defendant's answer, was timely).  Moreover, no party has suggested that it will face

prejudice as a result of FWC's participation in the litigation.  *See* FWC Mot. at 2.

Second and third, FWC has cognizable legal interests that may be impaired by Plaintiffs'

lawsuit.  The injury-in-fact and causation requirements for Article III standing "are closely

related to the second and third factors under Rule 24(a)."  *Safari Club Int'l v. Salazar*, 281

F.R.D. 32, 38 (D.D.C. 2012), *on reconsideration*, No. 11-CV-01564 (BAH), 2012 WL 13069817

(D.D.C. Apr. 16, 2012).  Indeed, this Circuit has explained that when a prospective intervenor

"has constitutional standing," as FWC does here, "it *a fortiori* has 'an interest relating to the

property or transaction which is the subject of the action.'"  *Crossroads*, 788 F.3d at 320

(quoting *Fund for Animals,* 322 F.3d at 731).  As such, for reasons similar to those discussed in

the standing inquiry above, FWC comfortably satisfies Rule 24(a)'s interest and impairment-of-

interest prongs.  Here, Plaintiffs' efforts to invalidate the Florida EFP—of which FWC is a direct

beneficiary, having applied for and received the permit in the first instance—impair the

Commission's sovereign and other interests in administering an extended recreational red

snapper season.  *See* FWC SPA at 8–10.

Fourth, FWC has established that the existing parties do not adequately represent its

interests.  The putative intervenor's burden on this front is "minimal."  *Trbovich v. United Mine*

*Workers of Am.*, 404 U.S. 528, 538 n.10 (1972).  As the Court stated in granting ASA and CCA's motion to intervene earlier in this case, "the Government represents the broader public interest, while ASA and CCA seek to protect the narrower interests of recreational anglers and the recreational fishing industry."  *See* Min. Order (May 15, 2026) (citing *Fund for Animals*, 322 F.3d at 737).  Likewise, FWC is beholden to a narrower subset of the public than the Government and accordingly has different, more targeted interests in the preservation of the Florida EFP.  *See* FWC SPA at 11; *WildEarth Guardians v. Jewell*, 320 F.R.D. 1, 5 (D.D.C. 2017).  FWC's interests are also distinct from the interests of ASA and CCA, as these groups represent a private industry subject to the Commission's regulatory authority.  *See* FWC SPA at 11.  Considering both the "need for a liberal application [of Rule 24] in favor of permitting intervention" and the high "burden on those opposing intervention"—which no parties have done here—"to show the adequacy of the existing representation," FWC meets the final requirement of Rule 24(a).  *Nuesse v. Camp*, 385 F.2d 694, 702 (D.C. Cir. 1967).

## V.  CONCLUSION

For the foregoing reasons, FWC's Motion to Intervene (ECF No. 30) is **GRANTED**. FWC shall file a responsive pleading on or before July 10, 2026. An order consistent with this Memorandum Opinion is separately and contemporaneously issued.

Dated:  June 18, 2026                                      RUDOLPH CONTRERAS
                                                                    United States District Judge