**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SOUTHEASTERN FISHERIES ASSOCIATION, INC., et al., | ) ) ) | |
| *Plaintiffs* | ) ) | |
| v. | ) ) | Case No. 1:26-cv-01533-RC |
| HOWARD LUTNICK, in his official capacity as Secretary of Commerce, et al., | ) ) ) | |
| *Defendants* | ) ) ) | |
| _____ | ) | |

**REPLY IN SUPPORT OF FEDERAL DEFENDANTS' MOTION FOR ENLARGEMENT
OF TIME TO FILE RESPONSIVE PLEADING AND TO PRODUCE
ADMINISTRATIVE RECORD CONCERNING PLAINTIFFS' COMPLAINT**

Federal Defendants have more than adequately met their burden to demonstrate good cause for granting their motion for enlargement of time. Namely, after the Court issued its preliminary injunction order, the National Marine Fisheries Service ("NMFS") rescinded, at the states' request, the experimental fishing permits ("EFPs") that are the subject of this suit. Contrary to Plaintiffs' assertion that the Defendants' request for an enlargement of time is "spurious," Dkt. No. 38 at 2, the fact is that events are still evolving. Indeed, Plaintiffs' counsel has acknowledged as much— in rejecting Defendants' proposal for a joint stay pending receipt of new EFP applications—stating: "With respect to any forthcoming new applications from the states, and any EFPs that ultimately may be issued, Plaintiffs' position is that *such EFPs are best evaluated on their merits if and when they are issued*." Dkt. No. 39-2 (emphasis added). As with the joint stay Defendants proposed, judicial economy will thus be served if the Court defers review until NMFS has crystalized its position with respect to any applications for new EFPs.

1

Plaintiffs' memorandum raises the issue of whether Plaintiffs' existing claims are moot after NMFS rescinded the EFPs. Dkt. No. 38 at 6. Federal Defendants' position is that Plaintiffs' claims are now moot, as there is no further relief the Court can provide and no mootness exception applies. However, this is not the time or place to substantively respond to Plaintiffs' mootness-related arguments. It is unnecessary to decide the issue of mootness in order to rule on Defendants' motion for enlargement of time.

If the Court denies Defendants' motion for enlargement of time, in lieu of an answer, Federal Defendants anticipate moving to dismiss or alternatively to stay the case until NMFS determines whether to issue any new EFPs, assuming any states issue applications for new EFPs.[1] Proceeding to summary judgment briefing regarding the merits of the rescinded EFPs as Plaintiffs propose would not only be jurisdictionally problematic, it would also be a waste of the Court's and the parties' resources.

For these reasons, the Court should grant Federal Defendants' motion for enlargement of time.

DATED: July 8, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

PETER M. TORSTENSEN, JR.

---

[1] Defendants will also move for relief from the requirement to produce the administrative record for the rescinded EFPs. If Plaintiffs are correct in asserting that their claims are not subject to the judicial review provisions of the Magnuson-Stevens Act, 16 U.S.C. § 1855(f), then Defendants' administrative record would be due 30 days following service of an answer, as provided in LCvR 7(n). Plaintiffs cannot have it both ways by arguing that their claims are subject to ordinary Administrative Procedure Act review, while simultaneously asking the Court to compel NMFS to produce its administrative record concurrently with its answer pursuant to 16 U.S.C. 1855(f)(3)(B).

Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

/s/ Mark Arthur Brown
MEREDITH L. FLAX, Deputy Section Chief
D.C. Bar No. 468016
MARK ARTHUR BROWN, Senior Trial Attorney
D.C. Bar No. 470050
KAMELA A. CASCHETTE, Trial Attorney
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: 202-532-3169 (Flax)
meredith.flax@usdoj.gov
mark.brown@usdoj.gov
kamela.caschette@usdoj.gov

*Counsel for Federal Defendants*

Of Counsel:

PATRICK L. BUTLER
Deputy General Counsel
Office of the General Counsel
United States Department of Commerce

MAXIMOS N. NIKITAS
Deputy General Counsel
Office of the General Counsel
United States Department of Commerce

JOHN S. LUCE
General Counsel
National Oceanic and Atmospheric Administration
United States Department of Commerce

SHEPHERD R. GRIMES
Attorney-Advisor
National Oceanic and Atmospheric Administration
United States Department of Commerce