**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SOUTHEASTERN FISHERIES ASSOCIATION, INC., et al.,<br><br>*Plaintiffs*<br><br>v.<br><br>HOWARD LUTNICK, in his official capacity as Secretary of Commerce, et al.,<br><br>*Defendants* | Case No. 1:26-cv-01533-RC |

**FEDERAL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR ABEYANCE**

## INTRODUCTION

Plaintiffs' claims concerning the exempted fishing permits ("EFPs") challenged in this case are moot because there is no further relief the Court can provide, and no mootness exception applies. At the request of Florida, Georgia, South Carolina, and North Carolina, the National Marine Fisheries Service ("NMFS") rescinded the at-issue EFPs on June 26, 2026. On July 10, 2026, Florida, Georgia, and South Carolina submitted new applications for EFPs for data collection during a proposed fall season. And on August 10, 2026, NMFS announced receipt of these new EFP applications in a Federal Register notice. NMFS, however, has not yet taken final action regarding recreational red snapper fishing in the South Atlantic for the 2026 fishing season. Regardless, Plaintiffs' existing claims regarding the now-rescinded EFPs are dead in the water.

For the reasons set forth below, the Court should dismiss Plaintiffs' Complaint in its entirety as moot. If the Court determines it would be better to pause further proceedings in the case

unless and until NMFS takes final action on recently submitted EFP applications from Florida, Georgia, and South Carolina, it should grant Federal Defendants' alternative request for abeyance.

## STATUTORY AND REGULATORY BACKGROUND

NMFS manages red snapper resources in the federal waters throughout the South Atlantic under the Magnuson-Stevens Fishery Conservation and Management Act ("MSA"). 16 U.S.C. §§ 1801(a)(6), 1811(a). NMFS sets catch limits and adjusts the lengths of fishing seasons, among other management measures, to ensure that the overfished red snapper stock in the South Atlantic can rebuild to a healthy condition by 2044, as provided in a thirty-five-year rebuilding plan. *See* Snapper-Grouper Fishery of the S. Atl.; Amendment 59, 90 Fed. Reg. 24527, 24528-29 (June 11, 2025) ("Amendment 59 Final Rule"); *see also Slash Creek Waterworks, Inc. v. Raimondo*, Civ. No. 23-1755 (RC), 2025 WL 358770 (D.D.C. Jan. 31, 2025), *appeal pending*, No. 25-5042 (D.C. Cir. Jan. 12, 2026).

NMFS may authorize recreational red snapper fishing in federal waters of the South Atlantic through two different mechanisms. First, NMFS may set opening and closing dates for the commercial and recreational South Atlantic red snapper fishing seasons, respectively, as provided at 50 C.F.R. § 622.183(b)(5)(i) pursuant to the Amendment 59 Final Rule. 90 Fed. Reg. at 24533. Second, NMFS may also authorize red snapper fishing through the EFP process set forth at 50 C.F.R. § 600.745 pursuant to MSA Section 318(d). 16 U.S.C. § 1867(d) (authorizing NMFS to "promulgate regulations that create an expedited, uniform, and regionally-based process to promote issuance, where practicable, of experimental fishing permits"). *See* 50 C.F.R. § 600.745(b)(1) (providing that "[a] NMFS Regional Administrator or Director may authorize, for limited testing, public display, data collection, [and/or] exploratory fishing, . . . the target or incidental harvest of species managed under an [Fishery Management Plan ("FMP")] or fishery

regulations that would otherwise be prohibited.”).

## FACTUAL BACKGROUND

In May 2026, NMFS issued EFPs to Florida, Georgia, South Carolina, and North Carolina (collectively “the states”) for recreational fishing of red snapper in the South Atlantic. Plaintiffs’ Complaint requested that the Court vacate and set aside the EFPs pursuant to the Administrative Procedure Act (“APA”), 5 U.S.C. § 706(2). Dkt. No. 1 at 39-40. After the Court preliminarily enjoined the EFPs from taking effect on May 21, 2026, Dkt. No. 25, NMFS, at the states’ request, rescinded the EFPs on June 26, 2026, *see* Dkt. Nos. 36-1, 36-2, 36-3, 36-4; *see also* Ex. 1 (Second Declaration of Timothy R. Petty, Ph.D.) ¶¶ 4-9.

On July 1, 2026, Federal Defendants published a Federal Register notice regarding the federal commercial red snapper season for the South Atlantic, pursuant to 50 C.F.R. § 622.183(b)(5). Fisheries of the S. Atl.; 2026 S. Atl. Red Snapper Com. Fishing Season, 91 Fed. Reg. 39898 (July 1, 2026). On July 10, 2026, Florida, Georgia, and South Carolina submitted revised applications for EFPs for data collection during a thirty-one-day fall season from October 1–31, 2026, with the potential for additional fishing days in December. *See* Ex. 1 ¶ 11. North Carolina has not submitted a revised application for an EFP. *Id.* Federal Defendants are also considering a potential Federal recreational season for 2026. *Id.* On August 10, 2026, Federal Defendants published a Federal Register notice announcing receipt of the EFP applications from Florida, Georgia, and South Carolina under 50 C.F.R. § 600.745(b)(3)(i). Snapper-Grouper Fishery of the S. Atl.; Requests for Exempted Fishing Permits, 91 Fed. Reg. 51467 (Aug. 10, 2026); Ex. 1 ¶ 12. Interested persons have a fifteen-day opportunity to comment. *See* 91 Fed. Reg. at 51467; Ex. 1 ¶ 13.

## STANDARD OF REVIEW

Before the Court can consider the merits of Plaintiffs' Complaint, it must first determine whether Plaintiffs properly invoked the Court's jurisdiction. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause." (citation omitted)). "The inability of the federal judiciary 'to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy.'" *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974) (per curiam) (*quoting Liner v. Jafco, Inc*., 375 U.S. 301, 306 n.3 (1964)). Thus, mootness presents a question of subject matter jurisdiction. *See North Carolina v. Rice*, 404 U.S. 244, 246 (1991) (per curiam).

Jurisdictional questions regarding mootness may be resolved through a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Baker v. Carr*, 369 U.S. 186, 198 (1962). Because federal courts are courts of limited jurisdiction, the presumption is that a party lacks jurisdiction unless the contrary appears affirmatively from the record. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). The Court must accept the factual allegations of the Complaint as true and must give the plaintiff the benefit of all inferences to be drawn from those allegations. *See, e.g.*, *Best v. United States*, 522 F. Supp. 2d 252, 254–55 (D.D.C. 2007); *Kimberlin v. U.S. Dep't of Just.*, 150 F. Supp. 2d 36, 41 (D.D.C. 2001), *aff'd*, 318 F.3d 228 (D.C. Cir. 2003) (per curiam). The Court need not, however, accept a plaintiff's legal conclusions as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009); *see also Kowal v. MCI Commc'ns Corp*., 16 F.3d 1271, 1276 (D.C. Cir. 1994). "[T]he district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction." *Jerome Stevens Pharms., Inc. v. FDA*, 402 F.3d

1249, 1253 (D.C. Cir. 2005) (citing *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992)).

## ARGUMENT

### I. The Court Lacks Jurisdiction Over Plaintiffs' Claims Concerning the Rescinded EFPs Because Those Claims Are Moot.

Article III of the Constitution confines the federal courts to adjudicating actual 'cases' and 'controversies.'" *La. Env't Action Network v. Browner*, 87 F.3d 1379, 1382 (D.C. Cir. 1996) (citation omitted). Courts "presume that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991) (citation modified). Here, Plaintiffs cannot overcome that presumption with respect to their claims concerning the rescinded EFPs, and those claims must therefore be dismissed under Federal Rule of Civil Procedure 12(b)(1).

#### A. Plaintiffs' Claims Are Moot Because NMFS Rescinded the EFPs at the States' Request.

Federal courts lack jurisdiction "to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992) (*quoting Mills v. Green*, 159 U.S. 651, 653 (1895)). A dispute must be live when the complaint is filed and remain so during litigation. *Daimler Trucks N. Am. LLC v. EPA*, 745 F.3d 1212, 1216 (D.C. Cir. 2013). Conversely, "[i]f events outrun the controversy such that the court can grant no meaningful relief, the claim must be dismissed as moot." *NTCH, Inc. v. FCC*, 841 F.3d 497, 504 (D.C. Cir. 2016) (citation modified). Here, the Court cannot provide meaningful relief because NMFS rescinded the EFPs at the states' request and, as a result, the EFPs no longer have any legal effect. Further litigation concerning the rescinded EFPs would improperly invite the Court to render an advisory

opinion as to the legality of now-void EFPs without any practical consequences.

Indeed, courts have routinely found claims to be moot in analogous cases involving challenges to previous FMP amendments, in which NMFS subsequently took the requested action through a new amendment or framework adjustment while the case was pending. For example, in a previous case challenging commercial fishing quotas for states in the Atlantic summer flounder fishery, the district court concluded that the case was moot because the rules plaintiffs challenged had been revised. *New York v. Raimondo*, No. 19-cv-09380, 2021 WL 1339397, at *2 (S.D.N.Y. April 9, 2021) ("The rules challenged in this action have been revised and are no longer in effect. As such, the issues presented are no longer live and the Court cannot afford the relief Plaintiffs seek."); *see also Nat'l Mining Ass'n v. U.S. Dep't of Interior*, 251 F.3d 1007, 1010–11 (D.C. Cir. 2001) (finding moot challenge to revised rule, noting that "[t]he old set of rules, which are the subject of this lawsuit, cannot be evaluated as if nothing has changed" because "[a] new system is now in place," and "[a]ny opinion regarding the former rules would be merely advisory"); *Alaska v. U.S. Dep't of Agric.*, 17 F.4th 1224, 1226 (D.C. Cir. 2021) ("A 'well-settled principle of law' is this: 'when an agency has rescinded and replaced a challenged regulation, litigation over the legality of the original regulation becomes moot.'" (citation omitted)); *Ozinga v. Price*, 855 F.3d 730, 734 (7th Cir. 2017) ("When a plaintiff's complaint is focused on a particular statute, regulation, or rule and seeks only prospective relief, the case becomes moot when the government repeals, revises, or replaces the challenged law and thereby removes the complained-of defect." (collecting cases)).

The facts here are also similar to those in *Gulf of Maine Fishermen's Alliance v. Daley*, in which the court concluded that it had "no means of redressing either procedural failures or substantive deficiencies associated with a regulation that is now defunct." 292 F.3d 84, 88 (1st Cir.

2002). The court reasoned that although certain provisions of the applicable groundfish "Framework" regulations had not yet expired and had not been modified as a result of the agency's most recent Framework action, plaintiffs' challenge was moot since the provisions were "expressly reconsidered and re-adopted in later Frameworks." *Id.* Therefore, the court concluded that it had "no means of redressing either procedural failures or substantive deficiencies associated with a regulation that is now defunct." *Id.* Here, as in these cases, the challenged EFPs have been rescinded and are now defunct. Thus, the Court has no means of redressing the deficiencies Plaintiffs allege with respect to the challenged EFPs.

The fact that Plaintiffs seek declaratory relief does not save their case from being moot. A court may grant declaratory relief only in the case of a "live controversy." *Burke v. Barnes*, 479 U.S. 361, 364 (1987); *Conyers v. Reagan*, 765 F.2d 1124, 1127 (D.C. Cir. 1985) (discussing that the fact that a plaintiff "also seek[s] declaratory relief does not affect [the Court's] mootness determination"). Indeed, it is "well-attested in D.C. Circuit precedent" that the "mootness of a claim against a specific agency action also moots claims for declaratory relief over those specific agency actions." *People for the Ethical Treatment of Animals, Inc. v. U.S. Fish & Wildlife Serv.*, 59 F. Supp. 3d 91, 96 (D.D.C. 2014); *City of Houston v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994) ("[I]f a plaintiff has made no challenge to some ongoing underlying policy, but merely attacks an isolated agency action, then the mooting of the specific claim moots any claim for a declaratory judgment that the [action] was unlawful[.]'").

To allow Plaintiffs to continue requesting a declaration that Federal Defendants acted in violation of the APA, *see* Dkt. No. 1 at 39, Prayer for Relief ¶ 2, would be to invite the Court to render an improper advisory opinion, *see Spencer v. Kemna*, 523 U.S. 1, 18 (1998) ("[Federal courts] are not in the business of pronouncing that past actions which have no demonstrable

continuing effect were right or wrong."); *Conservation Force v. Salazar*, 715 F. Supp. 2d 99, 105 (D.D.C. 2010) (dismissing plaintiffs' claim seeking "a declaration that a failure to act timely on permit applications is unlawful," because, "[n]ow that the [agency] has processed plaintiffs' permit applications, the parties are no longer legally adverse to one another, and there no longer exists any immediate, actual dispute that warrants declaratory relief"); *cf. Princeton Univ. v. Schmid*, 455 U.S. 100, 103 (1982) (per curiam) ("[T]he issue of the validity of the old regulation is moot, for this case has lost its character as a present, live controversy of the kind that must exist if we are to avoid advisory opinions on abstract questions of law." (citation modified)).

In sum, the Court may neither invalidate nor grant effective relief concerning an expired agency action that has "disappeared into the regulatory netherworld." *Nw. Pipeline Corp. v. FERC*, 863 F.2d 73, 76 (D.C. Cir. 1988) (footnote omitted). Stated differently, judicial relief as to rescinded EFPs cannot redress Plaintiffs' alleged injuries. *See Gulf of Me. Fisherman's All.*, 292 F.3d at 88. Plaintiffs' claims concerning the EFPs are moot, and the Court lacks jurisdiction to reach the merits of those claims, because the EFPs have been rescinded and have no legal effect. *See Alaska*, 17 F.4th at 1226.

### B. Plaintiffs' Claims Do Not Meet the Voluntary Cessation Exception.

Although the EFPs have been rescinded and have no legal effect, Plaintiffs suggest that they can maintain their action under the exception to the mootness doctrine that applies to voluntary cessation of challenged conduct. Dkt. No. 38 at 6. A defendant's "voluntary cessation of a challenged practice" will not moot a case where the practice can "reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) (citations omitted). Here, there is no reasonable expectation that the alleged violation will recur.

As an initial matter, the voluntary cessation doctrine does not apply in this case because

the intervening action did not result from a voluntary cessation by NMFS. *Iron Arrow Honor Soc'y v. Heckler,* 464 U.S. 67, 72 (1983) (per curiam) ("It is not the typical case where it could be argued that the University has taken its position only in order to escape the threat of an injunction."). Rather, NMFS rescinded the EFPs *at the states' request* and thus "[t]he lack of jurisdiction is due to action by a third party." *McDonnell Douglas Corp v. Nat'l Aeronautics & Space Admin.*, 109 F.Supp.2d 27, 29 (D.D.C. 2000). Moreover, the voluntary-cessation mootness exception is likewise inapplicable because the EFPs were rescinded before they went into effect, and there is no reasonable expectation that the same EFPs will be reinstated. *See Lewis v. Becerra*, No. CV 18-2929, 2023 WL 3884595, at *10 (D.D.C. June 8, 2023) ("The mere power to put in place a particular rule or regulation is 'not a sufficient basis on which a court can conclude that a reasonable expectation of recurrence exists. Rather, there must be evidence indicating that the challenged [rule] likely will be re[instated].'" (quoting *Nat'l Black Police Ass'n v. Dist. of Columbia*, 108 F.3d 346, 349 (D.C. Cir. 1997) (citation omitted) (alterations in original)). Rather, NMFS must undertake an entirely new action to authorize recreational red snapper fishing, whether through the annual process set forth in the Amendment 59 Final Rule or by issuing new EFPs under 50 C.F.R. § 600.745. *Alaska*, 17 F.4th at 1228 ("[T]he Agriculture Department voluntarily exempted the Tongass from the Roadless Rule and may engage in another rulemaking to adjust or repeal that exemption without any action on our part."); *see also Lewis*, 2023 WL 3884595, at *11 (explaining that "where an agency would have to 'proceed through notice-and-comment rulemaking' to reinstate a rescinded rule, courts in this jurisdiction have declined to 'impute voluntary cessation where nothing suggests it'" (quoting *Alaska*, 17 F.4th at 1229 n.5; and citing *Citizens for Resp. & Ethics in Wash. v. Wheeler*, 352 F. Supp. 3d 1, 13-14 (D.D.C. 2019) (holding that the "voluntary cessation" exception was inapplicable to the Environmental Protection

Agency's revision of a challenged policy where "to resume its challenged conduct, . . . it would have to decide to promulgate a new policy")); *Cierco v. Lew*, 190 F. Supp. 3d 16, 23–24 (D.D.C. 2016) (concluding that Financial Crimes Enforcement Network's "withdrawal [of the challenged] notices themselves convincingly establish that the 'alleged violation' . . . is not likely to recur") (alternate citations omitted)); *Haim v. Monroe Cnty.*, 479 F. Supp. 3d 1274, 1282 (S.D. Fla. 2020) (rejecting plaintiff's voluntary-cessation argument where it was "mere speculation" that any hypothetical new restrictions would be the same as those challenged in the rescinded orders), *aff'd*, 858 F. App'x 340 (11th Cir. 2021). If NMFS issues new EFPs, those EFPs "will be reviewable at that time" in light of a new record. *Nat'l Wildlife Fed'n v. Hodel*, 839 F.2d 694, 742 (D.C. Cir. 1988). In the meantime, a ruling on the merits of the rescinded EFPs would be advisory. *Alaska*, 17 F.4th at 1228.

### C. **Plaintiffs' Claims Do Not Meet the Capable of Repetition Yet Evading Review Exception.**

While Plaintiffs only suggest the voluntary cessation exception applies, *see* Dkt. No. 38 at 6, Plaintiffs' claims also do not meet the capable of repetition yet evading review mootness exception. In order to prove that a challenged agency action is capable of repetition, a plaintiff must show that "there [was] a reasonable expectation that the same complaining party would be subjected to the same action again." *Del Monte Fresh Produce Co. v. United States*, 570 F.3d 316, 322 (D.C. Cir. 2009) (citations omitted). In order to meet its burden to show the action will evade review, a plaintiff must show that "the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (per curiam). This exception applies "only in exceptional situations," *Newdow v. Roberts*, 603 F.3d 1002, 1009 (D.C. Cir. 2010) (citation omitted), and the party invoking the exception bears the

burden of showing that both elements are satisfied, *Del Monte*, 570 F.3d at 322. Plaintiffs cannot sustain this burden here.

Plaintiffs' claim is not capable of repetition for several reasons. The EFPs here never took effect and did not expire under their own terms. Rather, the EFPs were enjoined before they took effect and then were subsequently rescinded at the request of the individual states. Any new EFPs will necessarily involve the new applications submitted by the states pursuant to 50 C.F.R. § 600.745(b), *see* Ex. 1 ¶¶ 11-14, and the FMP for the Snapper-Grouper Fishery of the South Atlantic Region (Snapper-Grouper FMP), and the implementing regulations at 50 C.F.R. Part 622, subpart I, and they will necessarily be informed by Court's preliminary injunction decision in this case. Consequently, there cannot be a reasonable degree of likelihood that such new EFPs will be the basis of a continuing controversy between the parties regarding the substance of the rescinded EFPs. Moreover, any new EFPs will not evade review; Plaintiffs can participate in the public process and can challenge those EFPs just as they did the prior ones. Therefore, Plaintiffs' existing claims regarding the rescinded EFPs are not subject to the mootness exception for actions capable of repetition yet evading review.

## II. In the Alternative, the Court Should Grant an Abeyance of Further Proceedings.

In the alternative, if the Court determines it would be better to wait to see what further action NMFS takes with respect to the recreational red snapper season for 2026, Federal Defendants move to hold this case in abeyance until NMFS takes any final agency action on the new EFP applications. "When a court holds a case in abeyance, it stays all proceedings until the court directs otherwise." *Utah ex rel. Cox v. EPA*, No. 23-1157, 2025 WL 1354371, at *1 (D.C. Cir. 2025) (citing *Basardh v. Gates*, 545 F.3d 1068, 1069 (D.C. Cir. 2008) (per curiam)). This Court "has broad discretion to stay proceedings as an incident to its power to control its own

docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)).

Plaintiffs will not be prejudiced by the proposed abeyance. The EFPs have been rescinded; and even if they had not, the Court's preliminary injunction order will remain in effect during an abeyance. If NMFS announces a federal recreational red snapper season for anglers in the South Atlantic pursuant to the MSA, regulations at 50 C.F.R. § 600.745(b) concerning exempted fishing, the Snapper-Grouper FMP, and the implementing regulations at 50 C.F.R. Part 622, subpart I, that action will be reviewable under 16 U.S.C. § 1855(f). *See id.* § 1855(f)(1)–(2) (providing for judicial review of, *inter alia*, "actions that are taken by the Secretary under regulations which implement [an FMP], including but not limited to actions that establish the date of closure of a fishery to commercial or recreational fishing"). Interested persons will be given a fifteen-day opportunity to comment, prior to the issuance of any new EFPs in response to the applications submitted by Florida, Georgia, and South Carolina. 50 C.F.R. § 600.745(b)(3)(i); *see* 91 Fed. Reg. at 51467; Ex. 1 ¶ 13. In either case, whether Federal Defendants announce a federal recreational season under the Amendment 59 Final Rule or issue new EFPs under 50 C.F.R. § 600.745(b)(3)(i), Plaintiffs will have an opportunity to challenge the merits of any final action by NMFS regarding the recreational red snapper fishing in the South Atlantic. Indeed, Plaintiffs took a similar position when Federal Defendants previously approached them to propose a joint request for an abeyance, stating that "[w]ith respect to any forthcoming new applications from the states, and any EFPs that ultimately may be issued, *Plaintiffs' position is that such EFPs are best evaluated on their merits if and when they are issued*." Dkt. No. 38-2 (emphasis added).

Finally, an abeyance would promote the efficient and orderly disposition of this matter. *See, e.g.*, *Landis*, 299 U.S. at 254–55 (stating courts have inherent powers "to control the

disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants"); *see also Link v. Wabash R.R. Co*., 370 U.S. 626, 630–31 (1962) (noting courts' inherent authority to "manage [their] own affairs so as to achieve the orderly and expeditious disposition of cases"). If the Court were to grant an abeyance instead of dismissal, the parties would confer and propose any next steps in the case as soon as they have sufficient information to do so.

Finally, even if the Court denies Federal Defendants' request for an abeyance of all proceedings, Federal Defendants specifically request an enlargement of time to produce the administrative record until 30 days after Defendants file a responsive pleading, if necessary, after the Court rules on this motion. Plaintiffs' memorandum in opposition to Federal Defendants' previous motion for enlargement of time recommended that the Court impose an expedited deadline to produce the administrative record concurrently with Federal Defendants' answer. Dkt. No. 38 at 7. If Plaintiffs are correct in asserting that their claims are not subject to the judicial review provisions of the MSA, 16 U.S.C. § 1855(f), then Defendants' administrative record would be due 30 days following service of an answer, as provided in LCvR 7(n). Plaintiffs cannot have it both ways by arguing that their claims are subject to ordinary APA review, while simultaneously asking the Court to compel NMFS to produce its administrative record concurrently with its answer pursuant to Section 1855(f)(3)(B).

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiffs' Complaint, in its entirety, for lack of jurisdiction on mootness grounds. In the alternative, the Court should grant an abeyance of this case pending any final agency action by NMFS regarding a 2026 recreational red snapper season.

DATED: August 10, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
PETER M. TORSTENSEN, JR.
Deputy Assistant Attorney General
U.S. Department of Justice
Environment & Natural Resources Division

*<u>/s/ Kamela A. Caschette</u>*
MEREDITH L. FLAX, Deputy Section Chief
D.C. Bar No. 468016
MARK ARTHUR BROWN, Senior Trial Attorney
D.C. Bar No. 470050
KAMELA A. CASCHETTE, Senior Trial Attorney
Wildlife & Marine Resources Section
Benjamin Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Tel: 202-532-3169 (Flax)
202-532-3103 (Brown)
202-598-7868 (Caschette)
meredith.flax@usdoj.gov
mark.brown@usdoj.gov
kamela.caschette@usdoj.gov

*Counsel for Federal Defendants*

Of Counsel:

MAXIMOS N. NIKITAS
Deputy General Counsel
Office of the General Counsel
United States Department of Commerce

JOHN S. LUCE
General Counsel
National Oceanic and Atmospheric Administration
United States Department of Commerce

SHEPHERD R. GRIMES
Attorney-Advisor
National Oceanic and Atmospheric Administration
United States Department of Commerce