**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SOUTHEASTERN FISHERIES ASSOCIATION, INC., et al.,<br><br>*Plaintiffs*<br><br>v.<br><br>HOWARD LUTNICK, in his official capacity as Secretary of Commerce, et al.,<br><br>*Defendants* | Case No. 26-cv-1533-RC |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby notify the Court of the following recently-released authority: *National Council of Nonprofits v. Office of Management and Budget*, No. 25-5148 (D.C. Cir. Aug. 21, 2026) ("*National Council*") (Attachment 1). This opinion was issued last Friday, and it discusses the voluntary cessation exception to mootness. *See* Slip Op. at 13–18.

The facts of the *National Council* case are dissimilar to those in the case at hand, as it involved a one-time memorandum that was issued and quickly modified, with the modification occurring before the federal agency was even aware that a lawsuit existed challenging the memorandum. *See id.* at 16. The *National Council* opinion is relevant to this case, though, in the way it sets forth and applies the voluntary cessation doctrine.

Plaintiffs and Federal Defendants here disagree on whether the government is entitled to a favorable presumption when applying the voluntary cessation exception. Plaintiffs observed

that this aspect of voluntary cessation doctrine appears to have been weakened or overruled by the Supreme Court in *FBI v. Fikre*, 144 S. Ct. 771, 777 (2024). *See* ECF 45 at 11 n.6. Defendants assert otherwise. *See* ECF 46 at 10–11.

In *National Council*, the D.C. Circuit provided a brief summary of mootness principles then turned to the voluntary cessation exception. *See* Slip Op. at 13–14. Regarding that exception, the court stated: "the government—like any defendant—does not 'automatically moot a case by the simple expedient of suspending its challenged conduct after it is sued.'" *Id.* at 14 (quoting *Fikre*, 601 U.S. at 241).

The court then applied the voluntary cessation exception to the challenged conduct in that case, which, as here, was an action taken by a federal agency. *Id.* at 14–18. Nowhere in the analysis did the court mention any presumption favoring the government. *See id.*

Dated: August 24, 2026

Respectfully submitted,

/s/ Seth Atkinson

Seth L. Atkinson (Bar ID CA00190)
Quillback Consulting
540 Meder Street
Santa Cruz, CA 95060
(203) 331-2792
seth@quillbackconsulting.com

*Attorney for Plaintiffs*